**UNITED STATES of America,**
**Appellee,**

v.

**Ronald STEPHENS, also known as "Daron Stephens," also known as "All Mighty," Defendant–Appellant,**

**David M. Mathews, also known as "Matthew D. Marcus"; Rasheem Jackson, also known as Rasheem LNU; Porchetta Lee; Comeshia Ellison; Kevin E. Nelson, Defendants.**

**Docket No. 03–1494.**

United States Court of Appeals, Second Circuit.

Argued: May 14, 2004.

Decided: May 19, 2004.

Julie Clark, Brooklyn, NY, for Defendant–Appellant.

* The Honorable Mark R. Kravitz of the United States District Court for the District of Con-

Thomas G.A. Brown, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, of counsel; David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before: FEINBERG and CABRANES, Circuit Judges, and KRAVITZ, District Judge.*

PER CURIAM.

Defendant Ronald Stephens appeals from a judgment of conviction entered on February 11, 2003 in the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*), following his guilty plea to one count of trafficking in firearms without a license, in violation of 18 U.S.C. §§ 924(n) and 2, and one count of conspiring to traffic in firearms without a license, in violation of 18 U.S.C. § 371. The District Court sentenced defendant principally to 60 months' imprisonment.

Defendant's sole contention on appeal is that the District Court erred in imposing a two-level enhancement for obstruction of justice under United States Sentencing Guidelines § 3C1.1, which is required where

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and ... the obstructive conduct related to ... the defendant's offense of conviction and any relevant conduct ....

necticut, sitting by designation.

U.S.S.G. § 3C1.1. Section 3C1.1 applies where a defendant, testifying under oath, "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

Defendant pleaded guilty pursuant to a plea agreement with the Government containing stipulations as to several aspects of defendant's sentencing range under the Guidelines. The agreement reserved the Government's right to seek an enhancement based on defendant's role in the offense, and the Government ultimately sought a three-level increase in the offense level, pursuant to U.S.S.G. § 3B1.1(b), on the ground that defendant was a manager or supervisor in the gun trafficking scheme. The District Court held a hearing on January 29, 2003, pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978), to resolve the issue of defendant's role. At sentencing on February 5, 2003, the District Court determined that a three-level enhancement pursuant to Section 3B1.1(b) was appropriate, and also applied a two-level enhancement under Section 3C1.1 based on the Court's conclusion that defendant attempted to obstruct justice by giving false testimony at the *Fatico* hearing regarding his involvement in the offense.

We review the District Court's factual findings at sentencing for clear error, and we review *de novo* the application of the Guidelines to the facts. *See, e.g., United States v. Genao*, 343 F.3d 578, 583 (2d Cir.2003).

We cannot say that the District Court erred, much less clearly erred, in determining that defendant lied under oath. Defendant's testimony—that he did not purchase a "grinder" while accompanied by Comeshia Ellison on September 19, 2000, or use that tool to remove serial numbers from guns—was inconsistent with Ellison's testimony and with a receipt showing defendant's purchase of the grinder on September 19, 2000. Furthermore, defendant's misstatements were material to his role in the offense as a manager or supervisor. His false testimony, if it had been credited, would clearly tend to influence the District Court's determination, even if, as defendant argues on appeal, elsewhere in his testimony he admitted facts from which the District Court could have concluded that he was a manager or supervisor (defendant does not challenge the District Court's decision to apply a three-level manager-or-supervisor enhancement). *See* U.S.S.G. § 3C1.1, comment. (n.6) (defining as "material" any evidence that, if believed, merely "would *tend to influence or affect* the issue under determination") (emphasis added). The District Court therefore correctly applied a two-level increase under Section 3C1.1 for obstruction of justice.

\*    \*    \*    \*    \*    \*

We have considered all of defendant's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.